UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GENE DARROUGH,<br><br>    Plaintiff,<br><br>v.<br><br>SOC LLC, SOC-SMG, INC., and DAY & ZIMMERMAN, INC.,<br><br>    Defendants. | Case No.: 2:20-cv-01951-APG-BNW<br><br>**Order Granting in Part Defendants' Motion to Dismiss and Order to Show Cause Why Case Should Not Be Remanded**<br><br>[ECF No. 17] |

      Plaintiff Gene Darrough sues SOC LLC, SOC-SMG, Inc., and Day & Zimmerman, Inc. (collectively, SOC) in his individual capacity and as representative of a putative class. He alleges eight common law causes of action arising from his employment with SOC as an armed guard at Log Base Seitz (LBS), a United States military installation near Baghdad, Iraq. He contends SOC recruited armed guards at LBS by promising that work obligations would not exceed 12-hour shifts per 24-hour period or 72 hours per week. He alleges that once guards arrived in Iraq, SOC required them to work in excess of those promises, often at the expense of meals and rest and always without additional compensation.

      SOC moves to dismiss, arguing that Darrough's putative class claims are time-barred because a prior class action did not toll the limitation periods for subsequent class actions. Darrough responds that the putative class claims are timely because Nevada tolling law governs, and that law permits class tolling. Alternatively, Darrough argues that, even if I apply federal tolling principles, I should permit tolling here because that would not be inefficient or otherwise hinder the economy of litigation.

I grant SOC's motion in part. I predict that the Supreme Court of Nevada would follow federal tolling principles, so the prior class action did not toll the limitation periods for purposes of subsequent class claims. Thus, I dismiss Darrough's putative class claims as untimely. Because it is not clear that I have subject matter jurisdiction over Darrough's individual claims, I order the parties to show cause why I should not remand Darrough's individual claims to state court. The parties should also re-brief the forum defendant rule because I did not reach the merits of the argument when I denied the motion to remand on other grounds, and it may once again be relevant. I deny SOC's motion to dismiss Darrough's individual claims, but I do so without prejudice to SOC filing a new motion to dismiss if I have jurisdiction over those claims.

## I.    BACKGROUND

SOC is a private defense contractor operating worldwide. ECF No. 1-2 at 5. In 2009, the U.S. Department of Defense (DOD) awarded SOC the Theater Wide Internal Security Services (TWISS II) contract. *Id.* Under that contract, SOC was responsible for providing security services at numerous U.S. military installations throughout Iraq during the Iraq War. *Id.* at 5-6. Log Base Seitz was one such installation. *Id.* at 5.

Darrough was an armed guard hired by SOC and deployed to LBS in 2010. *Id.* at 6. Darrough first learned of the employment opportunity online. *Id.* He contends that during a call with an SOC recruiter he was told that he would not be required to work more than 12 hours per day, six days per week (6/12 schedule) while in Iraq. *Id.* Following the call, he travelled to Nevada, signed his employment agreement, and thereafter deployed. *Id.* According to Darrough, the same 6/12 schedule was described to him when he arrived in Iraq. *Id.* However, he alleges that the promised 6/12 schedule quickly gave way to drastically different employment conditions. Darrough contends that he "was required by SOC to work in excess of 12 hours per

day, seven days per week, without meal or rest periods, and without any overtime compensation." *Id.* Based on this alleged treatment, Darrough asserts eight claims: promissory fraud; negligent misrepresentation; fraud-based unjust enrichment; money had and received; breach of contract; breach of the implied covenant of good faith and fair dealing; quantum meruit; and contractual unjust enrichment. *Id.* at 7-20.

In 2011, Darrough's counsel filed a putative class action (the *Risinger* action) against these same defendants. ECF Nos. 1-2 at 7; 25-6. Darrough and the other putative class members here were members of the *Risinger* class, but Darrough was not a named plaintiff in that action. ECF No. 1-2 at 7; *Risinger v. SOC, Inc.*, 2:12-cv-00063-MMD-BNW, ECF Nos. 246-3; 246-9. Based on the same treatment described above, Karl Risinger alleged the same eight causes of action that Darrough alleges here, plus causes of action arising under Nevada and Iraqi employment law. *Risinger*, ECF No. 19 ¶¶ 87-135. Chief Judge Du certified the *Risinger* class in September 2015, but she decertified it in July 2019. *Risinger*, ECF Nos. 155; 362. Following class decertification, the defendants settled with Risinger, and Chief Judge Du dismissed the case with prejudice in December 2019 based on the parties' stipulation. *Risinger*, ECF No. 388.

Following dismissal of *Risinger*, plaintiff's counsel in that case filed this lawsuit and another one (*DeFiore*) in state court. *DeFiore* is a multi-plaintiff action involving individuals employed at military installations other than LBS, while in this case Darrough seeks to represent both himself and a putative class employed exclusively at LBS. ECF No. 1-2 at 7; *DeFiore v. SOC Nevada LLC*, 2:20-cv-01981-APG-EJY, ECF No. 38 at 33. Otherwise, the two actions share similar facts and claims. SOC removed *DeFiore* to this court under the federal officer removal statute. *DeFiore*, ECF No. 38 at 33; 42 U.S.C. § 1442(a)(1). SOC removed this action based on diversity jurisdiction, the Class Action Fairness Act (CAFA), and the federal officer

removal statute. ECF No. 29 at 1. I granted the plaintiffs' motion to remand in *DeFiore* but denied Darrough's motion to remand. *DeFiore*, ECF No. 38 at 40; ECF No. 29 at 1. While I found the federal officer removal statute inadequate to sustain removal in *DeFiore*, I did not need to reach that question here because CAFA was an adequate removal ground. SOC appealed my remand of *DeFiore* in February 2021. *DeFiore*, ECF No. 36. That appeal remains pending before the Ninth Circuit.

SOC moves to dismiss this action. It contends that Darrough's class claims are untimely because the *Risinger* class action tolled the limitation periods for individual actions and intervention, but not for subsequent class actions. SOC also moves to dismiss Darrough's individual claims on a variety of grounds.

Darrough responds that Nevada tolling law governs this dispute, and the Supreme Court of Nevada would permit class tolling. Alternatively, Darrough argues that even if I apply federal tolling principles, I should permit tolling. There is no dispute that if there is no tolling, Darrough's class claims are untimely.

## II.   ANALYSIS

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). The complaint must set forth coherently "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550

U.S. at 555. To survive a motion to dismiss, a complaint must "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotation omitted).

I apply a two-step approach when considering motions to dismiss. First, I must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013) (quotations omitted). Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248 (quotation omitted). Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

Second, I must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotation omitted). When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**A. Timeliness of Putative Class Claims**

Under federal law, "[t]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit

been permitted to continue as a class action." *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974). But this tolling applies only to claims of the individual class members, not to subsequent class actions. "*American Pipe* does not permit the maintenance of a follow-on class action past expiration of the statute of limitations." *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018). Instead of filing untimely, successive class claims, "any additional class filings should be made early on" because the "[t]ime to file a class action falls outside the bounds of *American Pipe*." *Id.* at 1806, 1811 (emphasis omitted). The "watchwords of *American Pipe* are efficiency and economy of litigation," and providing multiple successive attempts at class certification by "[e]xtending *American Pipe* tolling to successive class actions does not serve that purpose." *Id.* at 1811.

Under Nevada law, "class actions brought under Nevada Rule of Civil Procedure (NRCP) 23 toll the statute of limitations on all potential unnamed plaintiffs' claims." *Jane Roe Dancer I-VII v. Golden Coin, Ltd.*, 176 P.3d 271, 275 (Nev. 2008) (citing *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1135 (D. Nev. 1999) ("In a Rule 23 class action, the statute of limitations for plaintiffs' individual claims is suspended for all purported members of the class until a formal decision on class certification has been made," in accordance with *American Pipe*)). However, the Supreme Court of Nevada has not addressed whether that rule applies to subsequent class claims.

Darrough's putative class claims are untimely under both federal and state tolling approaches. *Risinger* was a timely filed class action (of which Darrough was a member) concerning the same claims at issue here. Rather than pursue his own class claims early on, Darrough rested on the case filed by Risinger. Following decertification of that action, he restructured the class's composition and recommenced class litigation. The statute of limitations

6

for this successive class claim is not tolled under *China Agritech*. Consequently, *American Pipe* tolling does not apply and the putative class claims are untimely under federal law.

Applying Nevada tolling principles does not change this result because the Supreme Court of Nevada has adopted the federal approach. In *Jane Roe Dancer*, the Supreme Court of Nevada held that a class action tolled the limitation periods for all putative class members. 176 P.3d at 275. In doing so, that court cited Judge Pro's decision in *Bonilla*, which in turn cited *American Pipe*. *Id.* at 275 & n.22 (citing *Bonilla*, 61 F. Supp. 2d at 1135). *Jane Roe Dancer* thus supports the conclusion that the Supreme Court of Nevada looks to federal law on class action tolling principles. *See Porter v. So. Nev. Adult Mental Health Servs.*, 788 F. App'x 525, 525 n.2 (9th Cir. 2019) (stating that "Nevada appears to have adopted federal class action tolling principles"). While the Supreme Court of Nevada has not explicitly adopted *China Agritech*, I predict[1] it would if confronted with the issue because nothing suggests the court would deviate from its previous adoption of the federal approach on this issue, which has now evolved to include *China Agritech*.

Darrough contends that he lacked any incentive to act independently of the *Risinger* action because he reasonably believed that *American Pipe* tolling would apply to any residual claims he wished to raise should *Risinger* be decertified. However, he relies on a case in which tolling applied only to post-decertification individual claims and intervention, not to a follow-on class action. *See Crown, Cork & Seal, Co., Inc. v. Parker*, 462 U.S. 345, 354 (1983) (explaining

---

[1] *See Fast Trak Inv. Co. v. Sax*, 962 F.3d 455, 465 (9th Cir. 2020) ("When the highest court of a state has not directly spoken on a matter of state law, a federal court . . . must generally use its own best judgment in predicting how the state's highest court would decide the case.") (citation and internal quotations omitted). "In making this prediction, the federal court must ascertain from all available data what the state law is and apply it." *Id.* (citation and internal quotations omitted).

that "[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action."). In other words, *Crown* is no more expansive in its approach to tolling than *China Agritech*. I therefore grant the defendants' motion to dismiss Darrough's putative class claims as untimely.

### B. Impact on Jurisdiction

SOC originally removed on three bases: (1) the federal officer removal statute; (2) CAFA; and (3) diversity jurisdiction. I remanded *DeFiore* because the federal officer removal statute did not apply.[2] I denied Darrough's motion to remand because I concluded I had subject matter jurisdiction over this action under CAFA. Now that I have dismissed the putative class claims as untimely, CAFA no longer applies so I must determine whether I have subject matter jurisdiction over Darrough's individual claims or, if I have only supplemental jurisdiction over them, whether I should remand.

If removal is sought based on diversity of citizenship, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If the initial pleading seeks nonmonetary relief or "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then "the notice of removal may assert the amount in controversy," but only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." *Id.*

> Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. . . . This burden is particularly stringent for removing

---

[2] I would likely reach the same conclusion here, but the defendants may reassert this basis for removal if they wish.

defendants because the removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.

*Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773-74 (9th Cir. 2017) (internal quotations, alterations, and citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (citation omitted). Where "it is unclear what amount of damages the plaintiff has sought," as with claims governed by Nevada Rule of Civil Procedure 8(a), "then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.* at 566-67 (citation omitted).

To determine the amount in controversy on removal I can consider the facts alleged in the complaint and notice of removal, and I may "'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)).

When I denied SOC's motion to remand, I calculated the amount in controversy for CAFA purposes using an expert's damages computation from *Risinger*. *See* ECF Nos. 15 at 2; 29 at 2-3; *Risinger*, ECF No. 370-3 at 16, tbl.9. That expert opined that putative class claimants were differently situated, and gave a range of $58,296.00 to $86,872.00 in compensatory and punitive damages for each putative class member. Darrough was one such claimant in the *Risinger* action, but I am unaware of where he lands on that damages spectrum. If SOC cannot demonstrate that Darrough's individual claims either meet § 1332(a)'s jurisdictional floor of $75,000.00 or warrant exercising supplemental jurisdiction under § 1367, then I will remand this matter to the state court.

Because I may remand this action to state court, I deny without prejudice the remainder of the defendants' motion to dismiss. If I do not remand, the defendants may refile their motion. For similar reasons, I defer ruling on the motion for sanctions (ECF No. 26).

### III. CONCLUSION

I THEREFORE ORDER that the defendants' motion to dismiss **(ECF No. 17) is GRANTED in part.** The motion is granted as to the putative class claims in the complaint. The motion is denied in all other respects, without prejudice to the defendants refiling the motion if I do not remand this action to state court.

I FURTHER ORDER the removing defendants to show cause as to why this action should not be remanded for lack of subject matter jurisdiction. To the extent the defendants intend to argue the remaining claims fall within supplemental jurisdiction, they should address why I should not decline to exercise supplemental jurisdiction. Failure to show cause, in writing, by November 12, 2021 will result in remand to the state court. The normal briefing schedule will apply.

DATED this 25th day of October, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE