UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Gene Darrough,

        Plaintiff

v.

SOC LLC, et al.,

        Defendants

Case No. 2:20-cv-01951-CDS-DJA

**Order Granting Motion to Intervene**

[ECF No. 48]

Before the court is proposed plaintiff-intervenor Gregory Niffen's motion to intervene permissively in plaintiff Gene Darrough's class action lawsuit against defendants SOC LLC SOC-SMG, Inc., and Day & Zimmerman, Inc. ECF No. 48.[1] Niffen alleges claims of (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) quantum meruit, and (4) unjust enrichment. Compl. in intervention. ECF No. 48-1 at 2. This motion is fully briefed. Defs.' opp'n, ECF No. 52; Niffen's reply, ECF No. 53. For the following reasons I grant the motion to intervene pursuant to Rule 24(b).

I.    **Legal standard**

A person or entity can intervene, even if they do not meet the requirements of intervention as of right under Rule 24(a), if they have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Ninth Circuit has held that permissive intervention is appropriate if the movant shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). A district court has "broad discretion" in

---

[1] Darrough and the other class members allege claims of promissory fraud, negligent misrepresentation, unjust enrichment, money had and received, breach of contract, breach of the implied covenant of good faith and fair dealing, and quantum meruit stemming from defendants' employment of Darrough and class members as armed guards at various bases in Iraq. ECF No. 1-2 at 14–20.

determining whether to allow permissive intervention. *Orange Cnty. v. Air California*, 799 F.2d 535, 539 (9th Cir. 1986).

## II. Discussion

Defendants do not dispute that Niffen has demonstrated an independent ground for jurisdiction, and common questions of law or fact. Defendants' sole argument in opposition to Niffen's motion is that the motion is untimely. ECF No. 52 at 3–7. Timeliness is a threshold issue. *Snyder v. Floworks, Inc.*, 2007 U.S. Dist. LEXIS 64878, at *11 (N.D. Cal. Aug. 22, 2007). "If the court finds that the motion to intervene was not timely, it need not reach any of the elements of Rule 24." *Id.* (quoting *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996). Determining whether a motion to intervene is timely is solely within the discretion of the court. *Amarin Pharma, Inc. v. Hikma Pharms. USA Inc.*, 2021 U.S. Dist. LEXIS 83150, at *9 (D. Nev. Apr. 30, 2021) (citation omitted). The Ninth Circuit has delineated three factors it looks to when determining if a motion to intervene is timely: (1) the stage of the proceedings, (2) the prejudice to other parties, and (3) the reason for and length of the delay. *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984).

Niffen argues that his motion is timely because "the only substantive action that has occurred in this case is the parties' briefing on the motion to dismiss, which is still pending."[2] ECF No. 48 at 6. Because this case is in its "infancy" and no discovery has been completed at this stage in litigation, Niffen argues that defendants will not be prejudiced. *Id.* He also argues that his reason for the delay was because this case was stayed while on appeal before the Ninth Circuit. *Id.* In response, defendants argue that Niffen's motion is untimely because he seeks to intervene four years after the start of the litigation and that this case is the "third iteration of the same claims that were litigated for eight years before this very court." ECF No. 52 at 5.[3]

---

[2] Since this motion was filed, I have granted in part and denied in part defendants' motion to dismiss without prejudice and plaintiff has filed an amended complaint. *See* order, ECF No. 55; am. compl., ECF No. 56. However, given the court delayed disposing of his motion to intervene, I analyze Niffen's motion at the time it was filed.

[3] The case defendants are referencing is *Risinger v. SOC LLC*, No. 2:12-cv-00063-MMD-PAL (D. Nev. Jan. 13. 2012). The class in this case was ultimately de-certified and the parties settled Mr. Risinger's claims. *See*

Defendants also explain that in those four years there have been "many pleadings and motions filed[,]" which include the consolidation of the instant case with another. *Id.* 4–5.[4] They also argue that they will be prejudiced because all of Niffen's claims are barred by the statute of limitations and that Niffen did not provide adequate reason for his delay in seeking to intervene. *Id.* at 5–6. In his reply, Niffen claims that he did not intervene sooner because (1) he was originally a member of proposed class action case, *Darrough v. SOC, LLC*, Case No. 2:20-cv-01951-APG-BNW, and did not seek to join the case while the proposed class action was pending, and (2) after the court dismissed the proposed class action, this case was stayed for more than two years pending an appeal involving jurisdictional issues. ECF No. 53 at 2–3. Thus, Niffen explains, it cannot be said that he delayed, and even if he had delayed, it would not be unreasonable given the circumstances. *Id.* at 3. Niffen also concedes that his unjust enrichment claims and quantum meruit claims are likely barred by the statute of limitations but argues that, using the continual accrual doctrine, his breach of contract and breach of covenant of good faith and fair dealing claims are not barred. *Id.*

       Turning first to the stage of proceedings and reason for Niffen's delay in intervening. Defendants argue that it has been four years since the start of litigation and there have been many motions and pleadings filed. ECF No. 52 at 4–5. However, "timeliness should not be dictated by length of delay alone[.]" *Alaska Airlines, Inc. v. Schurke*, 2013 U.S. Dist. LEXIS 204605, at *4 (W.D. Wash. Feb 24, 2013). When Niffen filed his motion to intervene, there had been no decision made on the motion to dismiss and discovery in this case had not yet commenced. Therefore, while a close call, I find that the stage of proceedings factor weighs in favor of allowing intervention. *See S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, 2007 U.S. Dist. LEXIS 81636, at *34 (E.D. Cal. Oct. 16, 2007) (finding the stage of proceedings weighed in favor of intervention when the only dispositive motion that had been filed was a motion to dismiss

---

order granting mot. to decertify, ECF No. 362; Order granting notice of settlement, ECF No. 385. This case was dismissed with prejudice on December 10, 2019. Order, ECF No. 388.

[4] The instant action was consolidated with *DeFiore v. SOC LLC*, No. 2:20-cv-01981 on December 13, 2023. Order, ECF No. 39.

3

and discovery had not yet commenced). Further, given the complicated proceedings surrounding this case, I agree that it was not improper for Niffen to wait until the stay had been lifted to file his motion to intervene. *See In re Williams Sports Rentals, Inc.*, 2023 U.S. Dist. LEXIS 81992, at *12 (E.D. Cal. May 9, 2023) (finding that waiting to file a motion to intervene until the federal stay was lifted was not inappropriate). The record reflects that after the stay was lifted, Niffen still waited an additional five months to file his motion. Although Niffen does not explain his decision to wait an additional five months to file the motion, courts in this district have found delays of this length to be unextraordinary and not enough to compel the court to deny a motion to intervene as untimely. *See Droplets, Inc. v. Yahoo! Inc.*, 2019 U.S. Dist. LEXIS 232392, at *15 (N.D. Cal. Nov. 19, 2019) (finding an unexplained six-month delay in filing the motion to intervene is not enough to deny motion as untimely). I agree that this period of delay was not so extensive as to warrant denial of Niffen's motion to intervene.

Turning next to the question of prejudice. Defendants argue that they will be prejudiced by granting the motion to intervene because Niffen's claims are barred by the statute of limitations. ECF No. 52 at 5. However, although defendants may have a valid statute of limitations defense to Niffen's claims, I decline to conclusively rule on the issue at this time and I cannot deny Niffen's request on this basis alone. *See Holman v. Greyhound Lines, Inc.*, 2022 U.S. Dist. LEXIS 170627, at *14–15 (D. Md. Sep. 20, 2022) (declining to rule on statute of limitations defense to intervenors' claims and refusing to deny intervenors request on this basis alone). Defendants put forth no other arguments to demonstrate prejudice. "[G]eneral delay of the action without more does not cause prejudice." *Woods v. County of Los Angeles*, 2022 U.S. Dist. LEXIS 96147, at *14 (C.D. Cal. Mar. 14, 2022). As stated above, at the time Niffen filed this motion to intervene, the court had not issued a substantive ruling on the motion to dismiss, and the parties had not yet begun discovery. Therefore Niffen's motion to intervene does not prejudice defendants. *See S. Yuba River Citizens League*, 2007 U.S. Dist. LEXIS 81636, at *35–36 (finding no prejudice where the court had not made any substantive rulings on the motion to

dismiss). Thus I find that the lack of prejudice to defendants also weighs in favor of allowing intervention. I find that Niffen's motion is timely, and therefore Niffen's motion to intervene is granted.

### III. Conclusion

IT IS THEREFORE ORDERED that Niffen's motion to intervene **[ECF No. 48] is GRANTED.**

Dated: January 14, 2025

_____
Cristina D. Silva
United States District Judge

5